## Philadelphia, to use, *v.* DeArmond, Appellant.

*Municipal claims—Remedies—Action of assumpsit—Road law.*
The mere filing of a municipal claim for an assessment for a street improvement will not bar the municipality from proceeding by an action of assumpsit for the collection of the claim.

*Constitutional law—Local legislation—Collection of debts—Road law—Acts of April 4, 1907, P. L. 40, and March 25, 1909, P. L. 78.*

The Act of April 4, 1907, P. L. 40, as amended by the Act of March 25, 1909, P. L. 78, which empowers municipalities to proceed for the recovery or collection of municipal claims "by lien or by action assumpsit," does not violate Article III, Section 7, of the Constitution of Pennsylvania, forbidding the passage of any local or special laws providing or changing methods for the collection of debts.

Argued Nov. 30, 1915.   Appeal, No. 279, Oct. T., 1915, by defendant, from judgment of C. P. No. 4, Philadelphia Co., March T., 1914, No. 3199, for plaintiff on case stated in suit of Philadelphia, to use of Filbert Paving Co. v. William C. DeArmond.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Case stated for an action of assumpsit to recover a municipal claim.

From the record it appeared that the plaintiff on February 18, 1914, filed in Court of Common Pleas No. 2, No. 6745 of December Term, 1913, M. L. D., a municipal claim for paving the roadway of Media street at the northwest corner of Wanamaker street in the City of Philadelphia in the sum of $431.18 and the claim was filed against the appellant and John Frost, owner.

On April 14, 1914, the city commenced an action in assumpsit against the appellant in Court of Common Pleas No. 4 of March Term, 1914, No. 3199, for the recovery of the amount of the municipal claim, and filed a statement, covering the contract of the use-plaintiff with the city, and the ordinance of councils under which it was authorized.

To this action, the appellant filed a plea in abatement and also demurred to right of the appellee to bring an action in assumpsit, and further that the plaintiff had already elected his remedy by filing the municipal lien, as aforsaid.

The counsel of plaintiff and defendant agreed upon the facts in the case, and filed of record a stipulation covering them, and subsequently a case stated was filed.

The court entered judgment for plaintiff. AUDENRIED, P. J., filing the following opinion:

This is an action of assumpsit brought in the name of the City of Philadelphia to the use of the Filbert Paving and Construction Company, by which the work of paving Media street in front of his property abutting thereon was done, against William C. DeArmond.

It appears that a lien has been filed by the city for the proportion of the cost of the paving chargeable against the defendant's frontage. That claim was filed to the use of the same party which is use-plaintiff in this case. The defendant's land is in shape a right angled triangle, whose hypothenuse extends from a point on the west side of Wanamaker street nine feet north of Media street to a point on Media street one hundred and forty-seven feet three and three-quarter inches west of Wanamaker street, its base being coincident with the north side of Media street. On reference to the claim filed, however, it appears that while the frontage of the defendant's lot is correctly given therein, the lot is described as having a uniform depth of thirty feet. The claim also refers to William C. DeArmond (the defendant therein) and John Frost as the owners of the property therein described. Each of these parties, it is true, owns part of the land against which the city's claim is filed; but they are not tenants in common or joint tenants of the whole of that lot or of any part of it, and DeArmond's land is the only part of it which was legally subject to the city's lien for the paving bill at any time.

The case was submitted on briefs without oral agreement. We gather from the briefs that the parties are at variance over three questions; that the case is regarded as turning on these and involving no others, and that the court is asked to decide these three questions and nothing else.

The first question is raised by the defendant's contention that if the action is maintainable at all, it cannot be maintained against him alone.   He assumes that it is based on the claim filed by the city in the other proceeding above referred to, and argues that since that was filed against Frost as well as himself, Frost should have been joined with him as a party defendant herein. To answer this argument, it suffices to point out that this action is not based upon the claim filed by the city to continue the lien, but on the claim for the amount of the paving assessment as it originally arose.   For the bill for the paving done on the north side of Media street for a distance of one hundred and forty-seven feet three and three-quarter inches west from Wanamaker street, no land other than that of the defendant in this case was liable, because no other property had any frontage on that side of the street within the space just mentioned.   The Act of April 4, 1907, P. L. 40, imposes a personal liability for the payment of the claim, but does not undertake to extend this beyond the person whose land would be subject to the lien.   As the city had no lien on Frost's land, it has no action against him personally, and, therefore his omission as a defendant in this proceeding, is no reason for its abatement.

The next question raised is as to whether or not the filing by the city of a claim against the defendant's frontage on Media street, was such an election of a remedy as to render resort to another improper.   The Act of April 4, 1907, supra, provides that any municipal claim may be collected by lien or by an action of assumpsit. The mere existence of the lien for that proportion of the cost of the work done by a municipality which is chargeable against the owner of property benefitted thereby was not intended by the legislature to preclude the bringing of an action for the recovery of the claim.   This appears from the fact that the lien arises eo instanti that the work is finished, and the fact that the act does not provide that the municipality may not set afoot its personal

action against the landowner until six months have
elapsed after its work is completed, and the lien for the
cost thereof has expired.   If, then, the existence of the
lien is not a bar to the personal action against the land-
owner, the filing of the claim in the office of the Court of
Common Pleas has no such effect, since the only purpose
accomplished by such effect, since the only purpose ac-
complished by such a step is to prevent the lien from
lapsing.   If the question of the effect of the effort to col-
lect the claim by lien, as a bar to the right of a munici-
pality to maintain the action of assumpsit, can be raised
at any time, it cannot be raised until the municipality
has actually taken a step in the direction of an attempt
to recover under the claim filed, by issuing a writ of scire
facias.   This has not been done in the case of the claim
filed by the city against the land described as belonging
to DeArmond and Frost.

The third question presented is whether or not the Act
of April 4, 1907, under which this action was brought, is
invalid as contravening, the prohibition of Section 7,
Article III, of the Constitution of Pennsylvania against
the passage by the legislature of any local or special law
providing or changing methods for the collection of
debts or the enforcing of judgments.   It is argued by
the defendant that by the act in question the legislature
attempted to provide a new method for the collection of
claims of a certain class.   This may be conceded, but,
even so, it by no means follows that this legislation is
invalid.   Legislation that provides a new method for
the collection of debts does not necessarily violate the
constitutional provision above referred.   It is only when
such a statute is not general in its operation and con-
fines the benefit of the remedy that it provides to some
who are not marked by characteristics that afford a rea-
sonable explanation for their segregation from the rest
of the public, that it is regarded as obnoxious, under Sec-
tion 7, of Article III, of the Constitution.

A special law is one that affects some members of a

class of objects, to all of which it may properly apply, to the exclusion of others. Such laws are forbidden to be enacted. A general law is one which applies to the whole State and which affects all the objects, or all members of a class of objects, to which it can appropriately apply. To such an act there can be no objection under that section of the Constitution to which reference has been made above. The act whose constitutionality the defendant now questions gives a new remedy to all municipalities for the collection of all municipal claims. This is not special legislation. Its benefits are conferred on all municipalities. It is true that the new method of collecting debts is confined to municipalities and is not granted to individual citizens or to private corporations, but the act applies only to municipal claims, and no debt of a similar nature could be owing to any person other than a municipality. Since, therefore, it affects equally all the objects to which it appropriately may apply, it is a general law. Had the act granted the right to enforce municipal claims by personal action against the owners of the land subject to the lien thereof, to some of the municipalities of the State, as for example to such as had existed not less than twenty-one years, and not to others, it would have been repugnant to the constitutional prohibition against special legislation because it would not apply to all cases in which such relief would be appropriate, the age of a municipal corporation having no reasonable bearing on the question how its claims should be enforced. Again, had the act provided some novel and more convenient method of collecting ordinary contract debts owing to a municipality but standing on the same plane as similar debts owing to private individuals, it is possible that its constitutionality might be questioned on the ground of the special character of the cases to which it applied. The new method that it provides for the enforcement of municipal claims applies, however, to the case of every such claim and the case of every person in whose favor

claims of that character can arise.    The scope of the act could not well be more general.    The principles on which the case of Page v. Carr, 232 Pa. 371, was decided and which were applied in the other cases on which the defendant relies have no application so far as the act in question here is concerned; and it is impossible to see how the objection to it based thereon can be sustained.

For the reasons thus briefly outlined, the court is of the opinion that none of the defenses set up against the plaintiff's demand in this case is a sound one, and, that, therefore, in accordance with the agreement of the parties, judgment should be entered in favor of the plaintiff and against the defendant for the sum of $457.05 with costs.

The court entered judgment for plaintiff on case stated.

*Error assigned* was in entering judgment for plaintiff on case stated.

*Henry K. Fox,* for appellant.—The language of the Acts of 1907 and 1909 is that such claims may be recovered "by lien or by action of assumpsit." It must be read as if it said, "either by lien or by assumpsit": McAndrew v. Dunmore Boro., 245 Pa. 101.

A statute creating a new liability or increasing an existing liability, or even a remedial statute giving a remedy against a party who would not otherwise be liable, will be strictly construed: Smith v. Boston, &c., R. R. Co., 99 N. Y. App. Div. 94; Biery v. Steckel, 19 Pa. Superior Ct. 396.

The Acts of 1907 and 1909 are unconstitutional: Sterling v. Bronze Co. v. Syria Imp. Assn., 226 Pa. 475; Strine v. Foltz, 113 Pa. 349; Philadelphia v. Merklee, 159 Pa. 515; Philadelphia v. Bradfield, 159 Pa. 517; Barnesboro Boro. v. Speice, 40 Pa. Superior Ct. 609; Delaney v. Gault, 30 Pa. 63; Emrick v. Dicken, 92 Pa. 78.

*Walter Biddle Saul,* for appellee, cited as to the right to bring an action in assumpsit after a lien is filed: Swartz v. Lawrence, 12 Philadelphia 181; Wilson v. Mechanics' Bank, 45 Pa. 488; Harkinson v. Harkinson, 16 Dist. 361; Crean v. McFee, 2 Miles 214; McCall v. Lenox, 9 S. & R. 301.

Cited as to the constitutionality of the Act of 1907: Franklin v. Hancock, 204 Pa. 110.

OPINION BY PORTER, J., July 18, 1916:

The opinion of President Judge AUDENRIED of the court below, which will appear in the report of this case renders an extended discussion of the questions presented unnecessary. The appellant states the questions involved to be two; (1) Is it lawful for a plaintiff to sue a defendant in two courts at the same time and upon the same claim or cause of action? (2) Does the Act of April 4th, 1907, P. L. 40, as amended by the Act of March 25, 1909, P. L. 78, violate the provisions of Article III, Section 7, of the Constitution, forbidding the passage of any local or special laws providing or changing methods for the collection of debts?

The first question is supposed to be based on the fact that the municipal claim for an assessment for a street improvement in front of the property of the defendant had been filed in the Court of Common Pleas before this action of assumpsit for the collection of the claim was instituted. The court below properly held that the filing of the claim was not an election to proceed for its recovery by an action in rem against the property, to enforce the lien which was an incident of the claim. The filing of the claim was not an action for its recovery, the defendant was not required to answer or do anything concerning it, it did not invoke the jurisdiction of the court to enter any judgment or decree. There is no question that the assessment had been regularly made and that the claim was filed in the Court of Common Pleas within the time required by existing legislation.

The claim was a lien upon the property before it was filed in the Common Pleas and it continued to be a lien after it was filed, the filing merely preserved the status quo. The defendant was still free to challenge the validity of the claim in any action for its recovery, whether in rem or assumpsit which the municipality might institute. The distinction between the lien of a municipal claim upon property assessed and the procedure for its recovery is clearly illustrated by the decision of the Supreme Court in McKeesport Borough v. Fidler, 147 Pa. 532. The Act of June 4, 1901, Section 10, as amended by the Act of May 1, 1907, provides that claims for taxes and other municipal claims shall be filed within certain specified periods after the assessment thereof, and "If a claim be not filed within the time aforesaid, or if it be not prosecuted in the manner and in the time aforesaid it shall be wholly lost." It is to be observed that the words of the statute are not that the claim shall cease to be a lien, but that it shall be "wholly lost." It, therefore, follows that if the claim is not filed within the period fixed by that statute the municipality cannot recover in any form of action. The filing is necessary to avoid a lapse of the claim.

The contention of the appellant, as to the second question alleged to be involved: "Do the Acts of 1907, P. L. 40 and 1909, P. L. 78, violate the provisions of Article III, Section 7, of the Constitution, forbidding the passage of any local or special laws providing or changing methods for the collection of debts, "is not well founded. The decisions cited by the appellant in support of his contention relate to contracts or transactions between private individuals, and the collection of private debts, such questions as arose under the Mechanics' Lien Law of June 4, 1901, P. L. 431. Assessments for benefits arising from municipal improvements are an exercise of the sovereign power of taxation. No private individual can, under our system of government, be invested with this power. It is entirely competent for the legis-

lature to provide one system of procedure for the collection of taxes, necessary to the support of the government, and an entirely different system of procedure for the collection by individuals of private debts due them, the remedies which are necessary for the orderly administration of the government may be manifestly unsafe and inappropriate to be entrusted to the whim of private individuals.    It is within the legislative power of the Commonwealth to grant to municipalities a remedy for the collection of taxes against property by a personal action against the owner: Barnesboro Borough v. Speice, 40 Pa. Superior Ct. 609, and cases there cited; Franklin v. Hancock, 18 Pa. Superior Ct. 398 and 204 Pa. 110.

The judgment is affirmed.