## Township of Lower Merion *v.* Manning et al., Appellants.

Argued December 11, 1928.

Before Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Boyd Lee Spahr,* and with him *Warwick Potter Scott* and *Samuel H. High,* for appellants.—The township's claim was a lien only from the date of filing which was subsequent to the sheriff's sale and hence was discharged: Parker's Appeal, 8 W. & S. 449; Smith v. Simpson, 60 Pa. 168; Re Harvey, 122 Fed. 745; Philadelphia v. DeArmond, 63 Pa. Superior Ct. 436; Franklin Guards' Association v. Boyer, 70 Pa. Superior Ct. 263.

*Franklin L. Wright,* and with him *Homer H. Hewitt, Jr., John S. Sinclair* and *Parker S. Williams,* for appellee.—A municipal claim for sewer construction is a lien from the date of assessment and is not discharged by a sheriff's sale subsequent to the assessment: Commonwealth v. Curry, 4 Pa. Superior Ct. 356; McElhone v. Philadelphia Quartette Club, 53 Pa. Superior Ct. 262; Merriman v. Richardson, 5 W. N. C. 9; Pittsburgh v. Floyd, 59 Pittsburgh Law Journal 753; Haspell v. O'Brien, 218 Pa. 146; City of Johnstown v. Dibert, 88 Pa. Superior Ct. 117.

OPINION BY GAWTHROP, J., January 25, 1929:

The defendants have appealed from a judgment entered against them for want of a sufficient affidavit of defense to a scire facias sur municipal claim for the cost of sewer construction along the frontage of their property. The facts are these: In 1917 George F. Manning, one of the defendants, was the owner of a piece of land in the plaintiff township. Under an ordinance of May 9, 1917, the plaintiff constructed a sewer along the front of his land, the work being completed September 4, 1917. Pursuant to the ordinance the land was assessed by the township commissioners for its share of the cost of the sewer, $416, and a bill for that amount, setting forth that it was due on or before December 4, 1917, was sent to Manning. On February 20, 1918, the Manning property was sold at sheriff's sale on a mortgage, which, we understand, was a lien before the sewer construction. The proceeds of the sale, after payment of all costs, were sufficient to pay the amount of the sewer assessment against the land sold. On the day of the sale the plaintiff gave no notice of its claim, and no claim or demand was made by it for the payment of the assessment out of the fund. On February 28, 1918, it filed its claim in the court below under the Act of 1901, P. L. 364, and on February 27, 1923, issued a scire facias thereon, to which the affidavit of defense was filed.

Counsel for the respective parties agree that the sole question presented for our consideration and determination is this: Was the township's claim a lien from the time of the assessment and hence discharged by the sheriff's sale, or was it a lien only from the date that it was filed, subsequent to the sheriff's sale, and hence not discharged? The answer depends upon the construction of the Act of June 4, 1901, supra, entitled "An Act providing when, how and upon what property and to what extent liens shall be allowed

for taxes and for municipal improvements," etc. The act expressly repeals all other acts or parts of acts pertaining to the subject matter covered by it, and states that it is intended to "furnish a complete and exclusive system in itself for the filing and collection of taxes and municipal clams." Section 3 of the act provides: "All municipal claims which may hereafter be lawfully imposed or assessed on any property in this Commonwealth, . .... . . shall be and they are hereby declared to be a lien on said property, . .... . . and said liens shall have priority to, and be fully paid and satisfied out of the proceeds of any judicial sale of said property," etc. Neither this section nor any other part of the act declares in express terms the time when the lien shall attach, but this court has expressed the opinion that under the Act of 1901 the lien begins with the assessment. In Philadelphia, to use, v. DeArmond, 63 Pa. Superior Ct. 436, suit was brought in assumpsit to recover a paving claim under the Act of April 4, 1907, P. L. 401, which imposes a personal liability for the payment of the claim. Before bringing the action in assumpsit the municipality had filed a paving claim under the Act of 1901. One of the contentions of the defendant was that the filing of the claim was such an election of a remedy as rendered resort to another improper. In deciding otherwise AUDENREID, P. J., said: "The lien arises eo instanti that the work is finished." On appeal the judgment was affirmed in an opinion stating that the opinion of the court below "which will appear in the report of this case rendered an extended discussion of the questions presented unnecessary." But Judge PORTER said further: "The claim was a lien upon the property before it was filed in the common pleas and continued to be a lien after it was filed; the filing merely preserved the status quo."

In Franklin Guards' Ass'n. v. Boyer, 70 Pa. Supe-

rior Ct. 263, one of the two legal propositions urged before us as a reason for a reversal was that under the Act of 1901 a municipal claim for lighting rates did not become a lien upon the property charged until the day of the actual filing of the formal instrument of writing which placed that claim upon the record in the manner provided by the statute. Judge HEAD, speaking for the court, said: "We are of opinion that this contention is perfectly answered by the terms of the Act of 4th of June, 1901, P. L. 364." After quoting from section 3 of the act, he continued: "By the same statute and its supplements a time limit was fixed within which the municipality was required to file of record a formal statement of its claim. Otherwise, it would lose the lien which the statute attached to all municipal claims imposed or assessed on any property...... We are satisfied it was the clear intent of the legislature that the legal incident of lien was to attach to municipal claims for taxes, water rents, lighting rates and the like, and if, within the time limited, there should be filed of record the formal statutory declaration of this claim in detail, the lien would be preserved and relate back to the time when the rates were lawfully assessed or imposed."

This construction of the language of section 3 of the Act of 1901 is in harmony with the reasoning of our Supreme Court in construing the Act of February 3, 1834, 8 Sm. L., 189 and the Act of May 16, 1857, P. L. 541, in which the language was, "all taxes ......lawfully imposed and assessed shall be and they are hereby declared to be a lien." These acts did not, in express terms, declare when the lien for taxes should attach, but the Supreme Court said: "We think the clear meaning is as soon as they are 'lawfully imposed or assessed:'" Dungan's Appeal, 88 Pa. 414. See also Parker's Appeal, 8 W. & S. 449; Smith v. Simpson, 60 Pa. 168.

The learned judge of the court below reached the conclusion that the provision in section 3 that "municipal claims which may hereafter be ...... assessed ...... shall be ........ a lien on said property," means that the claims shall be a lien *when filed*, because section 1 of the act provides that the words "municipal claim," as used in the act, mean "the claim *filed* to recover," etc. He construes section 3 as though it read, "all municipal claims *when filed*, which may hereafter be lawfully imposed, ...... shall be ...... a lien, etc." We have been unable to adopt that view. We regard such an interpretation not as only reading something into the act which is not there, but as ignoring a plainly expressed intention to make municipal claims lawfully imposed or assessed liens, without further procedure at that time. We think that the use in section 3 of the Act of 1901 of the identical language of the Act of 1824, supra, as quoted, and other acts, means that the legislature intended that liens for municipal improvements should begin at the time that liens for taxes were held to begin under those acts. The legislature must be presumed to have known the interpretation which the Supreme Court had put upon the language used in the former acts and to have intended that interpretation to control their meaning in the Act of 1901. Careful study of the entire Act of 1901, in the light of the argument of the able counsel for the appellee, has not convinced us that the legislature made any distinction between tax liens and liens for municipal improvements, in respect to the time each becomes a lien. Section 10 of the act provides that claims like the present must be filed in the court of common pleas of the county in which the property is situated within six months after the completion of the improvement. We cannot adopt the view of the court below that during this period a mere right to file a lien, as distinguished from the actual

lien, existed in favor of the township, and that this right was not discharged by the sheriff's sale, and that upon the filing of the claim in the court below after the sale, but within the six months' period, the lien itself attached for the first time and related back to the time of the assessment. Both reason and precedent compel the conclusion that the claim became a lien at the time of the assessment and was discharged by the sale and payable out of the fund. The law in force at the time the sheriff's sale took place as to the effect of judicial sales was the Act of May 28, 1915, P. L. 599, which provides in section 32: "The lien of a tax or municipal claim shall not be divested by any judicial sale of the property liened, where the amount due is indefinite or undetermined ...... nor shall the lien of a tax or municipal claim be divested by any judicial sale by the property liened, as respects so much thereof as the proceeds of such sale may be insufficient to discharge." We said in City of Johnstown v. Dibert, 88 Pa. Superior Ct. 117, 122: "The provisions of the Act of 1915 did not change the established law that a judicial sale divests all liens and turns them over to the proceeds, but qualified the rule only to this extent, that, so far as tax and municipal claims are not reached and paid in full, they shall continue to be a lien." As the plaintiff failed to assert its right against the proceeds of the sale, it is gone. The defendants were entitled to judgment.

The judgment is reversed and judgment is here entered for the defendants.