## Borough of Red Hill v. Bitting

*Wisler, Pearlstine, Talone & Gerber*, for plaintiff.
*Robert Trucksess*, for defendant.

FORREST, J., May 18, 1955.—The Borough of Red Hill having filed a municipal lien for an unpaid street curbing and paving assessment under sections 1714 of the Borough Code as reënacted, revised, amended and consolidated by the Act of July 10, 1947, P. L. 1621, sec. 51, 53 PS §13783, and thereafter having filed a complaint in assumpsit for the same curbing and paving under the same section of the act, the sole question posed by defendant's preliminary objections to the complaint is whether the filing of the lien constituted such an election of remedy as to bar resort to another.

The portion of the section of the act which is pertinent here is as follows:

"If any assessment shall remain unpaid at the expiration of the notice, it shall be the duty of the borough solicitor to collect the same, . . . by action of assumpsit, *or* by a lien to be filed and collected in the same manner as municipal claims."

The Act of April 4, 1907, P. L. 40, provided that:

". . . hereafter all municipalities of the Commonwealth of Pennsylvania may proceed for the recovery

or collection of any municipal claim or claims, whatsoever, by lien or by action of assumpsit.

Under the Act of 1907 it was decided by Judge Audenried of Court of Common Pleas No. 4 of Philadelphia County that the filing of a municipal lien does not constitute such an election of a remedy as to render resort to another improper.

"The mere existence of the lien . . . was not intended by the legislature to preclude the bringing of an action for the recovery of the claim. This appears from the fact that the lien arises eo instanti that the work is finished, and the fact that the act does not provide that the municipality may not set afoot its personal action against the landowner until six months have elapsed after its work is completed, and the lien for the cost thereof has expired. If, then, the existence of the lien is not a bar to the personal action against the landowner, the filing of the claim in the office of the Court of Common Pleas has no such effect, since the only purpose accomplished by such a step is to prevent the lien from lapsing. If the question of the effect of the effort to collect the claim by lien, as a bar to the right of a municipality to maintain the action of assumpsit, can be raised at any time, it cannot be raised until the municipality has actually taken a step in the direction of an attempt to recover under the claim filed, by issuing a writ of scire facias": Philadelphia, to use, v. De Armond, 63 Pa. Superior Ct. 436, 439-40 (1916).

On appeal to the Superior Court, judgment for the municipality was affirmed. In the opinion of that court per Porter, J., it was said (pages 443-44):

"The court below properly held that the filing of the claim was not an election to proceed for its recovery by an action in rem against the property, to enforce the lien which was an incident of the claim. The filing of the claim was not an action for its recovery,

the defendant was not required to answer or do anything concerning it, it did not invoke the jurisdiction of the court to enter any judgment or decree. . . . The claim was a lien upon the property before it was filed in the Common Pleas and it continued to be a lien after it was filed, the filing merely preserved the status quo."

That the filing of a municipal claim is not such an election of a remedy as to render resort to another improper was reiterated in Township of Lower Merion v. Manning, et al., 95 Pa. Superior Ct. 322, 325 (1928).

There is no substantial difference between the phraseology of the Act of 1907 and that of the portion of the Act of 1947 quoted hereinabove. Accordingly, we consider the De Armond case not only as persuasive, but as authoritative and decisive against the contentions of defendant on his demurrer.

### Order

And now, May 18, 1955, the preliminary objections are overruled. Defendant is allowed 20 days from the date hereof within which to file an answer on the merits.