Elmore *v.* Philadelphia, Appellant.

Argued September 28, 1955.   Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Karl I. Schofield,* Assistant City Solicitor, with him *Herbert M. Linsenberg,* Assistant City Solicitor, *Jerome J. Shestack,* First Deputy City Solicitor, and *Abraham L. Freedman,* City Solicitor, for appellant.

*Eugene F. Mande,* for appellee.

OPINION BY WRIGHT, J., November 16, 1955:

E. Emily Spear Elmore filed a petition for a declaratory judgment that a certain personal property tax lien entered by the City of Philadelphia was not an encumbrance upon petitioner's real estate. The City filed preliminary objections in the nature of a demurrer. The lower court dismissed the preliminary objections and ordered that the lien in question was

"not entitled to priority". This appeal by the City followed.

The facts are not disputed. On August 12, 1924, two mortgages were given on premises situate at 1907 and at 1909 South 12th Street, Philadelphia. On September 19, 1928, one Katherine C. Aikens became the owner of these properties. On June 27, 1934, both mortgages were assigned to appellee. Thereafter, on January 26, 1949, a personal property tax lien was entered against Katherine C. Aikens in the amount of $351.90, representing unpaid personal property taxes and penalties for the years 1931 through 1935. Appellee subsequently instituted foreclosure proceedings and, on July 18, 1949, received deeds from the sheriff. In each case the bid at the sheriff's sale was not sufficient to cover the amount of the mortgage debt and costs.

Limiting the question involved to the particular factual situation here presented, it may be stated as follows: Does the Act of July 3, 1947, P. L. 1249, preserve the lien of personal property taxes from divestiture by a sheriff's sale on foreclosure of a mortgage recorded prior to the passage of the act.

The statute under consideration amends the Act of 1913, P. L. 507,[1] the pertinent portion of the amendment (72 PS 4881) reading as follows: "All taxes imposed under this act, together with penalties and interest thereon, shall be a lien on the real estate of the taxpayer within the county, until paid, after the same shall have been entered and docketed of record by the prothonotary. All such liens shall have priority to, and be fully paid and satisfied out of, the proceeds of any judicial sale of said real estate before any other

---

[1] Since further amended by the Act of August 19, 1953, P. L. 1157 to provide for an additional method of revival, not here material.

obligation, judgment, claim, lien or estate with which the said real estate may become charged, or for which it may become liable . . ."

The cases relied upon by appellant involve real estate taxes or municipal claims governed by the Act of May 16, 1923, P. L. 207, 53 PS 2021 et seq., and the earlier statutes which it supplanted. It must be conceded, as appellant contends, that municipal claims for taxes, water rents, paving, et cetera, assessed and filed as liens of record, have priority over a mortgage, even though the mortgage was recorded before the effective date of the act: *Haspel v. O'Brien,* 218 Pa. 146, 67 A. 123. The reasoning behind this rule was well expressed by Mr. Justice LINN in *Erie v. Piece of Land,* 339 Pa. 321, 14 A. 2d 428. In delivering the majority opinion of the Court in that case he said: "There is no legal reason why the legislature should not require a mortgagee, who has had the protection of the government, to submit to the collection of the taxes *out of the lands against which they are assessed* if his own debtor neglects to pay them. The procedure was prospective; that its application would operate on relations theretofore existing did not make the statute retroactive in any prohibited sense: compare City of Johnstown v. Dibert, 88 Pa. Superior Ct. 117, 120. *The land had always been subject to taxation.* If a mortgagee elects not to foreclose for default in payment of taxes on the land he holds as security, he does not, by his election, exempt his interest or estate in the land from taxation; no law gives him such right of exemption. When he secured his loan by taking the mortgage, *he did so with knowledge that the land was, and would continue to be, taxed.* He will not be heard to say that because he had a lien under the recording acts, the government must go without its taxes (italics supplied)".

This reasoning does not apply to the situation in the case at bar. The distinction is in the nature of the tax. Here we are dealing with a tax which in no way concerns the real estate. We are clearly of the opinion that the legislature did not intend to impose this tax retroactively as a lien which would have priority over a mortgage created before the amendment itself was enacted.

Order affirmed.