The **UNITED STATES** of America, Plaintiff,

v.

**OSWALD AND HESS COMPANY,** Defendant.

Civ. A. No. 63–63.

United States District Court
W. D. Pennsylvania.

Jan. 20, 1964.

608

Stanley Greenfield, Pittsburgh, Pa., for United States.

Thomas White, Asst. City Sol., Pittsburgh, Pa., for City of Pittsburgh.

WILLSON, District Judge.

This civil action is before this Court on the petition of the United States for the discharge of all claims and liens upon real and personal property sold by the Marshal on a mortgage foreclosure and for distribution of the proceeds of the Marshal's sale.

It is agreed in this case that on April 11, 1962, the Small Business Administration, a direct agency of the government of the United States, took a plant mortgage on the physical assets, real and personal, of the defendant, Oswald & Hess Company, situate in the City of Pittsburgh, in the sum of $350,000.00. The mortgage was duly recorded on the same date in the Recorder's Office of Allegheny County. Thereafter, the obligation became in default. A judgment by confession was entered against the defendant on January 25, 1963, and a writ of execution issued and a public sale by the Marshal was held on April 25, 1963. At that time the Small Business Administration purchased the real and personal property for the sum of $175,000.00.

The City of Pittsburgh, having notice of the petition for discharge of the claims and liens, has made claim for unpaid water and sewage charges which had been assessed and are unpaid and remain outstanding. In this case the issue is whether such charges, though not filed of record in the Court of Common Pleas of Allegheny County, are liens upon the real estate which is described in the mortgage to the Small Business Administration. At the Marshal's sale, as the Court understands it, the City made an oral statement concerning the outstanding water and sewage claims. The government's contention in the instant case is that the mortgage is a first lien on the real property, and that the City's claims not filed of record prior to the mortgage, regardless of when created, must be held to be subsequent in time to the lien of the federal government acquired under the mortgage. Since the date of the sale all water and sewage charges have been paid on the property. In passing, it may be noted that on January 21, 1961, Oswald & Hess petitioned for an arrangement under Chapter 11 of the Bankruptcy Act. However, the arrangement was not consummated, but, in the meantime, the mortgage to the Small Business Administration was recorded on April 11, 1962, and, thereafter, on August 31, 1962, the corporation was adjudicated a bankrupt. The City's claim for unpaid water and sewage charges prior to the recording of the mortgage amounts to $26,252.85. Its claim for the charges subsequent to the mortgage amounts to $11,739.24, including interest and penalty. Counsel for the City in his supplemental brief, has succinctly indicated the two questions which must be decided. As the Court sees it, he has made a correct statement of the issues. He says:

"1. Whether Section 191 of Title 31 is applicable to this case; and

"2. Whether the liens of the CITY are choate."

The issues will be discussed in the order presented.

*FIRST—Section 191 of Title 31, United States Code, is not applicable to this civil action.*

The City says that this section is not applicable to the facts in the instant case. I do not understand that there is any disagreement by the government on this point. The statute, on first reading,

would appear to be clear that the government has priority when any person indebted to the United States is insolvent, i. e., " * * * debts due to the United States shall be first satisfied." However, the Supreme Court has noted that this statute gives priority only to those debts owed to the United States on the date of the commencement of the bankruptcy proceeding, and not to those debts which arise thereafter.

█ In any event Section 191 has been watered down considerably by the Supreme Court cases, all to the effect that it does not confer priority upon the United States over prior choate liens. See United States v. Waddill Co., 323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294 (1945); People of State of Illinois ex rel. Gordon v. Campbell, 329 U.S. 362, 67 S.Ct. 340, 91 L.Ed. 348 (1946); United States v. Vermont, 317 F.2d 446 (2nd Cir., 1963); and United States v. Bond, 279 F.2d 837 (4th Cir., 1960).

*SECOND—The liens of the City of Pittsburgh are choate.*

It seems to this Court that we have a situation parallel to that which confronted the court in United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). In the New Britain case a state law gave water rent liens precedence over all other liens or encumbrances except taxes on the property subject to the liens. In the instant case the City points to Pennsylvania state law, Section 7106 of 53 Purdon's Statutes, which declares that municipal claims are liens from the date they are imposed by the municipality. That section is part of the general municipal law of the State. Chapter 25 of 53 P.S. § 7101 is entitled "Municipal Claims And Tax Liens". Under that heading is "Article 1.—Liens And Claims Authorized". Sections 7102, 7103, 7104, and 7105, refer to taxes as being first liens on any property in the State, and direct that such liens have priority and are to be fully paid and satisfied out of the proceeds of any judicial sale before any obligation, judgment, etc., is to be paid. It is provided, also, in Section 7104 that a tax lien is divested by a

judicial sale, but provided that the purchase money shall equal the amount of the taxes. In Section 7106 municipal claims are given the status of liens. It is directed that said liens shall have priority to and be fully paid and satisfied out of the proceeds of any judicial sale before any obligation, judgment or claims, etc., are paid. It is to be emphasized and especially noted that the statute, Section 7101, defines municipal claims to include claims for water and sewage rates. In this case the City points to four ordinances approved during four years preceding 1962 which specify the water rates to be charged during each year here involved.

In this case the Court understands that the government has conceded that the water bills were sent and received by Oswald & Hess at the end of each quarter. It is also uncontested by the government that the sewage rates as charged were lawful and properly imposed by the City.

An appellate decision of the Superior Court of Pennsylvania, Township of Lower Merion v. Manning, 95 Pa.Super. 322 (1928), holds that the lien of the City arises when the charge is imposed, rather than when the claim is filed. In Philadelphia v. Charleston, 8 Pa.Dist. & Co.R. 2d 689 (1956), it is held that the lien for a water bill arises when the water bill is payable.

As the Court understands it, the government does not dispute any of the foregoing factors which have bearing on the claim of the City of Pittsburgh. The government simply says, however, that under the applicable decisions, the lien of the City is not choate. Counsel for the government point to the applicable Pennsylvania statute, 53 P.S. § 7143, which requires that the claim for water rents or rates, and sewer rates, must be filed in the Court of Common Pleas in the county in which the property is situate —as showing on its face that the lien must be held to be inchoate in the sense that that term is used in the federal decisions. The government points to the choate lien test and the decisions thereunder which have developed exacting re-

quirements, the substance of which is to require that the state created liens be specific to the point that nothing more need be done to make the lien enforceable. It is noticed that in the Bond case Circuit Judge Boreman reviews in considerable detail the "first in time, first in right" principle approved by the court in the New Britain case. At p. 844 of 279 F.2d he indicated in three instances where federal tax liens were entitled to priority over various state liens which were held to be inchoate. In the cases of which he speaks the competing liens were recorded prior in time to the federal liens, but they did not meet the other requisite, namely that the lien must be choate.

■ The cited Pennsylvania statute requires that a municipality file claims for taxes, water rents, etc., in the Court of Common Pleas within three years from the date on which they become payble. That statute, says the government, indicates that the liens in the instant case are not choate. It seems to me, however, that the answer is found in the Lower Merion case where the Court says that The filing of the lien is only required to preserve it. By filing the lien the status quo is continued according to the Pennsylvania decisions.

It seems to me that the three year requirement is no more than the statute of limitations. It has been so held. See Tax Review Board of City of Philadelphia v. Weiner, 398 Pa. 381, 157 A.2d 879 (1960); and Philadelphia v. Charleston. In the latter case the Court, in speaking of a lien for water and sewage rents, stated:

"The lien is lost if the claim is not filed on or before the last day of the third calendar year * * *."

The requirement is spoken of as the "statute of limitations".

At this point it seems appropriate to point to several principles to be kept in mind in discussing the position of the government with respect to its rights as a mortgagee. The instant mortgage is one taken by the Small Business Admin-

istration. It is important to keep in mind what Judge Staley said in United States v. Cless, 254 F.2d 590, 594 (3rd Cir. 1958).

"In the absence of express Congressional action to the contrary, we think it is not asking too much from a federal agency, which has embarked upon the business of lending money in competition with private firms and individuals, simply to be governed by the same local law which controls the rights of private citizens in a similar endeavor. And the government could not have been taken by surprise by local law established for one hundred years and more. In this situation, notice adequate to others is adequate to the United States."

Equally significant is that section of the Small Business Administration Act under which the authority of the government to take the mortgage was created, Title 15 U.S.C.A. § 646, wherein Congress provided that any interest held by the administration as security for a loan shall be subordinate to any lien on such property for taxes due on the property to a State—in any case where such lien would, under applicable state law, be superior to such interest if such interest were held by any party other than the United States. Although that section does not in terms enlarge the word "taxes" to include municipal claims such as water and sewer charges, yet it is apparent that the intent is to place the government lien no higher than the lien of any private person under state law. The point is that the government mortgage possesses no superior magic which per se would entitle it to priority as is sometimes the case in tax liens of the government.

And further, this Court must keep in mind that in United States v. Security Trust & Savings Bank, 340 U.S. 47, 49, 71 S.Ct. 111, 113, 95 L.Ed. 531 (1950), the Supreme Court has said that:

"The effect of a lien in relation to a provision of federal law for the collection of debts owing the United

States is always a federal question. Hence, although a state court's classification of a lien as specific and perfected is entitled to weight, it is subject to reexamination by this Court. On the other hand, if the state court itself describes the lien as inchoate, this classification is 'practically conclusive.' [People of State of] Illinois [ex rel. Gordon] v. Campbell, 329 U.S. 362, 371 [67 S. Ct. 340, 91 L.Ed. 348]."

See also, Ersa, Inc. v. H. A. Dudley, 234 F.2d 178 (3rd Cir. 1956).

It is to be emphasized in this decision that the Court understands that in analyzing the choate lien test, so to speak, as Judge Boreman did and as other decisions have done, the government does not dispute the identity of the City of Pittsburgh as lienor in the instant case, nor the identity of the property subject to the lien, and that the amount of the claims for the various years in question were fixed and determined at the time they were assessed and billed. This is the test set forth in the New Britain case in coming to a judgment as to whether a lien is choate or inchoate. It is of some significance that counsel for each of the parties relies to some extent on the New Britain decision in support of their respective contentions. It is to be noticed in New Britain that neither of the new liens had been recorded of record in the County Clerk's Office where the property was situate. I do not regard this point, however, as being significant if, under state law, and as examined by the federal law, the lien is choate under the federal test. This test has just, as recently as December 16, 1963, in Meyer v. United States, 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293, been reapproved by the Supreme Court. It is also to be noticed that those cases dealing with personal property have not been considered because it has been determined in the instant case that the City's claims are a lien on the real estate which had sufficient value, of course, to discharge all amounts due the City.

It is no novelty under Pennsylvania law that taxes on distribution after a judicial sale have priority over a mortgage lien. An interesting history on this subject is found in Erie v. Piece of Land, 339 Pa. 321, 14 A.2d 428 (1940). In that case it was held that taxes when duly levied become liens and on distribution are first payable. Moreover, in that case the Court said at p. 327 of 339 Pa., at p. 431 of 14 A.2d, "Municipal liens for grading and paving streets are a species of taxation and come within the rule." The Court was speaking of the same Act of 1923 which concerns us in the instant case and certainly water and sewage charges are in the same category as municipal liens for grading and paving. A late discussion on the subject is also found in Elmore v. Philadelphia, 179 Pa. Super. 535, 117 A.2d 765 (1955).

Thus there is no doubt that private persons investing in first mortgages in Pennsylvania have known since 1923 that municipal claims include charges for water rates and sewer rates, 53 P.S. § 7101, and that such claims have been declared by the Legislature of Pennsylvania to be liens on real property, 53 P.S. § 7106. However, only one appellate decision appears to be in the Pennsylvania law books and that is the Lower Merion case. But Common Pleas Judges have so held. Philadelphia v. Charleston. See also Borough of Red Hill v. Bitting, 4 Pa.Dist. & Co.R.2d 219, 1955; and Philadelphia v. Goetz, 71 Pa.Dist. & Co.R. 500, 1950.

▪ Thus, having examined the subject from the federal viewpoint, that is from federal standards, the conclusion is that the City's claims for water and sewage charges incurred prior to 1962 are choate liens, and have priority in payment over the government mortgage. The same reason, of course, compels the conclusion that the claims arising thereafter, that is after April 11, 1962, are held to lack priority over the government mortgage.

And finally, the City of Pittsburgh is entitled to an Order in its favor. Counsel will agree on such an Order and present it in due course.