In the Matter of Donald R. TAYLOR, Jr. a/k/a Donald R. Taylor and Irene S. Taylor, his wife, Debtors.

Donald R. TAYLOR, Jr. a/k/a Donald R. Taylor and Irene S. Taylor, his wife, Plaintiffs,

v.

WEST END FEDERAL SAVINGS & LOAN ASSOCIATION, South Union Township Sewage Authority, and Pennsylvania Department of Public Welfare, Defendants.

Bankruptcy No. 80–1885.
Adv. No. 81–102.

United States Bankruptcy Court,
W. D. Pennsylvania.

Jan. 29, 1982.

Mary Warman Terry, Uniontown, Pa., for plaintiffs.

Ernest P. DeHaas, III, and Charles O. Zebley, Jr., Uniontown, Pa., for South Union Tp. Sewage Authority.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is the complaint of Donald R. Taylor and Irene S. Taylor versus West End Federal Savings and Loan Association; South Union Township Sewage Authority; and the Pennsylvania Department of Public Welfare. Debtors, herein plaintiffs, seek the avoidance of liens upon their interest in real property to the extent that such liens impair the exemptions to which they are entitled pursuant to 11 U.S.C. §§ 101(27), 522(f)(1), the Bankruptcy Code.

Defendants West End Federal and the Pennsylvania Department of Public Welfare are holders of judgments confessed in their favor against the plaintiff in the amounts of $7,471.80 and $2,000 respectively. Both defendants have failed to file an answer or motion within the time provided. Accordingly, the Court has ordered that the liens of West End Federal and Pennsylvania Department of Public Welfare be avoided and set aside.

The subject of the present dispute is the municipal liens held by the remaining defendant, South Union Township Sewage Authority, against plaintiffs for sewer construction and rental charges. In essence, plaintiffs assert that the municipal liens are judicial in nature, and thereby avoidable pursuant to 11 U.S.C. § 522(f)(1). Defendant contends that the liens are statutory rather than judicial and accordingly not avoidable under § 522(f)(1).

The relevant facts are as follows. Plaintiffs filed a voluntary petition in bankruptcy on November 17, 1980. On November 14, 1974, defendant filed a municipal claim against plaintiffs' real estate in the Court of Common Pleas, Fayette County, Pennsylvania at No. 10060 Municipal Lien Docket, Item 185, in the amount of $495.15. On January 31, 1979 at No. 213 of 1979, defendant filed a praecipe for the issuance of a writ of Scire Facias Sur Municipal Claim. No defense was filed by the plaintiffs, and judgment was entered upon such writ. On April 26, 1979, at Municipal Lien Docket No. 10085, Item 81, a lien for sewer rentals in the amount of $644.83 was filed against plaintiffs. The praecipe for Scire Facias was filed; the writ issued; and judgment entered. On December 26, 1979, defendant filed a lien for sewer rentals at Municipal Lien Docket No. 10235, Item 22 in the amount of $909.39. No writ had been issued upon this lien at the time plaintiff submitted the brief. Defendant avers there are outstanding bills for monthly sewer rental charges subsequent to the date of the last lien, making the total due $1,956.33, with interest in the additional amount of $121.45.

The Court directs its attention to the nature of the municipal lien in an attempt to discover whether it can most accurately be characterized as judicial or statutory. Plaintiff seeks avoidance of such liens on the basis that they are judicial liens as defined by the Bankruptcy Code, which provides, in part, as follows:

> § 522(f) Notwithstanding any waiver of exemption, the debtor may avoid the fixing of a lien on an interest of the debtor in the property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is a
>
> (1) judicial lien

The Code defines judicial lien as a "lien obtained by judgment, levy, sequestration or other legal or equitable process or proceeding." 11 U.S.C. § 101 et seq.

On the other hand, a statutory lien, which is not avoidable under § 522(f)(1) is defined as follows:

> § 101(38) "statutory lien" means lien arising solely by force of statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute.

The critical determination is the classification of the municipal liens in the case at bar in light of the definitions of statutory and judicial liens set forth in the Code. In an attempt to ascertain whether the present liens are statutory or judicial, it is necessary to examine the Pennsylvania statutory provisions which authorize the fixing of liens for sewer construction and rentals. Among the enumerated powers granted to all authorities in 53 P.S. 306(B) is the following:

(s) To charge the cost of construction of any sewer or water main constructed by the authorities against the properties benefited, improved, or accommodated thereby according to the front foot rule. Such charges shall be a lien against such properties.

The statute further provides that a lien for the construction of sewers or sewer rates shall exist in favor of the municipality extending the benefit. 53 P.S. § 7107. The annual rental rate or charge so imposed shall be a lien on the properties served, and such liens may be filed in the office of the prothonotary and collected in the manner provided by law for the filing and collection of municipal claims. 53 P.S. § 2231.

For resolution of the present dispute, it is necessary to determine the time and manner in which the municipal lien arises. If it arises from judicial process, judgment, levy or sequestration, then it best be characterized as a judicial lien. However, if it arises solely on the basis of the aforementioned statute, then it is statutory and therefore non-avoidable for bankruptcy purposes. Plaintiffs argue that the municipal lien does not arise solely by force of the statute, for filing of the lien in the office of the prothonotary is essential to its creation.

The Court disagrees. Further, Pennsylvania case law clearly indicates otherwise. An appellate decision of the Superior Court of Pennsylvania holds that township liens for sewer construction arise upon assessment, not upon filing. In discussing a statutory provision identical to that operative in the case at bar, the Court states:

Neither this section nor any other part of the act declares in express terms the time when a lien shall attach, but this Court has expressed the opinion that under the Act of 1901, the lien begins with the assessment. *Township of Lower Merion v. Manning,* 95 Pa.Super. 322, 325 (1928).

In *Philadelphia v. DeArmond,* 63 Pa.Super. 436 (1916) the Court states that municipal liens "arise eo instanti that the work is finished . . . The claim was a lien on the property before it was filed in the Court of Common Pleas and it continued to be a lien after the filing, the filing merely preserving the status quo." (p. 439) Further, the United States District Court in the Western District of Pennsylvania has held that the city's claims for water and sewage charges incurred prior to the recording of a subsequent mortgage were choate liens which took priority in payment over the mortgage even though the city's claims were not filed of record in the Court of Common Pleas. *U. S. v. Oswald and Hess Company,* 225 F.Supp. 607 (W.D.Pa.1964).

It is clear that the municipal lien arises automatically upon the assessment of charges, rather than as a result of filing or any form of judicial process. Consequently, the municipal lien falls outside the ambit of the judicial lien as defined in the Bankruptcy Code, 11 U.S.C. § 101(27).

Further, an examination of the Bankruptcy Code's legislative history leads the Court to the conclusion that the municipal liens in the case at bar fall within the Code's definition of statutory lien.

The legislative history reveals the following:

A statutory lien is only one that arises automatically and is not based upon an agreement to give a lien or judicial action: Mechanics', materialmen's and warehousemen's liens are examples. Tax liens are also included in the definition of statutory liens.

House Report No. 95–595, 95th Cong. 1st Sess. (1977) 314; Senate Report No. 95–989, 95th Cong.2d Sess. (1978) 27, U.S.

Code Cong. & Admin.News 1978, pp. 5787, 5813, 6271.

The Court is convinced that the municipal liens in the case at bar are substantially similar to the mechanics' lien and tax lien to warrant classification as statutory. The Pennsylvania Courts have confirmed the similarity between the tax lien and the municipal lien. In *Township of Lower Merion v. Manning, supra,* the Court states: "Careful study of the entire act has not convinced us that the legislature made any distinction between tax liens and liens for municipal improvements in respect to the time each becomes a lien." (p. 327) Liens for taxes attach as soon as lawfully imposed or assessed. *Dungan's Appeal,* 88 Pa. 414 (1879).

In addition to the tax lien, the Code's legislative history cites the mechanics' lien as another example of a statutory lien. An examination of the mechanics' lien law of Pennsylvania reveals a substantial parallel between the mechanics' lien and the municipal lien. The mechanics' lien statute provides that every improvement shall be subject to a lien. 49 P.S. § 1301. Municipal lien statutory provisions state that the cost of construction of a sewer shall be a lien against the property benefited. 53 P.S. § 306(B)(s). Both statutes specify a filing requirement. Mechanics' Lien Law of 1963, 49 P.S. § 1502; Municipal Claims and Liens, 53 P.S. § 7143. In the case of the municipal lien, the liened claim must be reduced to judgment by scire facias proceedings before execution may be levied. 53 P.S. § 7183. In the case of the mechanics' lien, the statute similarly provides that no execution shall issue against the property subject to a claim until judgment is obtained. 49 P.S. § 1706.

Plaintiff argues that the required reduction to judgment prior to execution is sufficient judicial process to render the lien judicial in nature. The Court disagrees. Judicial process is not essential to the creation of the lien, for it arises automatically upon the assessment of the charges.

By way of comparison, the statute authorizing the creation of welfare liens provides a sharp contrast to those authorizing municipal and mechanics' liens. 62 P.S. § 1974 provides in part as follows:

Any public body or public agency may sue the owner of such property for money so expended, and *any judgment obtained shall be a lien* upon said real estate. (emphasis added).

In this instance, judicial process is essential to the creation of the lien, and accordingly it has been held that a welfare lien is a judicial lien. *In re Holt,* 11 B.R. 797 (Bkrtcy.1981). The municipal and mechanics' lien statutes have no such requirement.

In light of the substantial parallel between municipal lien and mechanics' lien statutory provisions on the one hand; and the substantial divergence between municipal lien and welfare statutory provisions on the other, the Court is satisfied that the municipal liens in the case at bar are statutory rather than judicial. Accordingly, they are not avoidable under § 522(f)(1) of the Bankruptcy Code. Such liens arise automatically and solely by force of statute upon specified circumstances or conditions, and are therefore within the definition of statutory liens as provided by 11 U.S.C. § 101(38). Additionally, such liens are outside the scope of the Code's definition of judicial liens for they were not obtained by judgment, levy, sequestration, or other legal or equitable process or proceedings.

For the foregoing reasons, the plaintiffs' complaint to avoid and set aside liens of defendant, South Union Township Sewage Authority, will be dismissed.