# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

R&A, LLC,　　　　　　　　　　　　 :
　　　　　　Appellant　　　　　　 :
　　　　　　　　　　　　　　　　 :
　　　v.　　　　　　　　　　　　 :　No. 1221 C.D. 2020
　　　　　　　　　　　　　　　　 :　ARGUED:  December 12, 2022
Wyoming Valley Sanitary　　　　 :
Sewer Authority　　　　　　　　 :


BEFORE:　　HONORABLE PATRICIA A. McCULLOUGH, Judge
　　　　　　HONORABLE MICHAEL H. WOJCIK, Judge
　　　　　　HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**　　　　　　　**FILED:  February 6, 2023**


R&A, LLC appeals from an order of the Court of Common Pleas of Luzerne County granting Wyoming Valley Sanitary Sewer Authority's motion for summary judgment and directing that judgment be entered in favor of the Authority in the amount of $2,189.21 for delinquent sewer and water fees.  For the following reasons, we reverse.

The relevant background of this matter is both succinct and undisputed. Frank Puglisi and Daniel Marra (Prior Owners) owned property located at 16-18-20 Pine Street, Wilkes-Barre, Pennsylvania (Property).  R&A purchased the Property at a sheriff's sale pursuant to a mortgage foreclosure action instituted by Wells Fargo Bank, N.A. against Prior Owners.[1]  R&A acquired title to the Property via sheriff's

---

[1] In its merits brief to this Court, R&A indicates that it purchased the Property at the sheriff's sale for the sum of $3,700.00, and at that time its county assessed value was $80,600.00.  R&A's Brief at 29 (citing Reproduced Record (R.R.) at 41a, 43a).

deed issued December 1, 2015, and this deed was subsequently recorded in the Luzerne County Record Book.

The parties agree that at the time of the sheriff's sale, there were delinquent fees for water and sewer services provided to the Property. Of particular importance herein, at the time of the sale the Authority had not yet formally filed a lien against the Property for the delinquent fees pursuant to what is commonly known as the Municipal Claims and Tax Liens Act (MCTLA).[2] Because the lien was not formally recorded, the delinquent fees were not satisfied from the proceeds of the sheriff's sale. The Authority attempted to collect the delinquent fees from R&A following its purchase of the Property. R&A responded by claiming it was not responsible for the delinquent fees, which then prompted the Authority to formally file a lien against the Property.

R&A responded by filing a two-count complaint in the trial court against the Authority with respect to its collection efforts. In Count I, R&A seeks to restrain the Authority from any further collection efforts regarding the lien. In essence, R&A maintains that the delinquent fees were discharged by the sheriff's sale because they had not yet been filed or "perfected" prior to the sale, and the lien cannot reattach to the Property because R&A is a bona fide purchaser without notice. Count II purports to assert a claim against the Authority for violation of the Unfair Trade Practices and Consumer Protection Law (UTPCPL).[3]

Shortly thereafter, R&A filed a motion for special injunction without hearing pursuant to Pa.R.Civ.P. 1531(a) because the Authority had since shut off water service to the Property. On May 22, 2017, the trial court issued an order

---

[2] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7455.

[3] Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§ 201-1 – 201-10.

2

directing R&A to pay into Court the sum of $2,189.21, the amount of the delinquent fees at issue, and instructing the Authority to cause water service to the Property to be restored upon such payment. The trial court's order further states: "When a final unappealable Order is entered by the Court in this matter, the successful party shall be entitled to receive said sum from the Prothonotary without any further Order of the Court." Original Record (O.R.), Item No. 5, Trial Ct. Order dated May 22, 2017.

The Authority subsequently filed preliminary objections to Count II of the complaint on grounds that the UTPCPL does not apply to political subdivisions and the Authority is immune from civil liability pursuant to what is referred to as the Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8541-8542. Following argument, the trial court issued an order sustaining the Authority's preliminary objections and dismissing Count II of the complaint.[4]

The Authority then filed an answer to the complaint with new matter, asserting that municipal claims are liens on real estate from the date the charges are imposed, and the relevant municipality or authority then has three years in which to file the lien with the prothonotary. The Authority first points to Section 3(a)(1) of the MCTLA which provides, in pertinent part:

> (a)(1) All municipal claims . . . shall be and they are hereby declared to be a lien on said property, together with all charges, expenses, and fees incurred in the collection of any delinquent account, including reasonable attorney fees under subsection (a.1), added thereto for failure to pay promptly; and **municipal claims and municipal liens shall arise when lawfully imposed and assessed** and shall have priority to and be fully paid and satisfied out of the proceeds of any judicial sale of said property, before any other obligation, judgment, claim, lien, or estate with which the said property may become charged, or for which

---

[4] R&A does not challenge this order on appeal.

it may become liable, save and except only the costs of the sale and of the writ upon which it is made, and the taxes, tax claims and tax liens imposed or assessed upon said property.

53 P.S. § 7106(a)(1) (emphasis added). Here, since the delinquent fees had been assessed and were unpaid at the time of the sheriff's sale, they constituted a valid lien at that time. The Authority goes on to note the language in Section 9 of the MCTLA, which provides that municipal claims, including those for water and sewer rates, "shall be filed on or before the last day of the third calendar year after that in which the taxes or rates are first payable[.]" 53 P.S. § 7143. It is undisputed that the Authority formally filed its lien with the prothonotary within three years of when the delinquent fees were imposed; therefore, the Authority maintains that the lien remains against the Property and is enforceable against R&A. The Authority subsequently filed a motion for summary judgment asserting this same argument. The trial court granted the Authority's motion and this appeal followed.

R&A raises the following two questions on appeal, which we paraphrase for clarification: (1) whether the trial court erred or abused its discretion by finding that the Authority's unperfected statutory lien, of which neither R&A nor Wells Fargo was aware, was not discharged by the sheriff's sale at which R&A purchased the Property; and (2) whether the trial court erred or abused its discretion by finding that the lien reattached to the Property when the lien was not filed until after the Property was transferred to R&A, a bona fide purchaser without notice of the lien.

Both parties concede the well established principle that municipal liens generally arise when the charge is imposed or assessed rather than when the claim is formally filed with the prothonotary. *See* Section 3(a)(1) of the MCTLA, 53 P.S.

4

§ 7106(a)(1) ("municipal claims and municipal liens shall arise when lawfully imposed and assessed");[5] *see also U.S. v. Oswald and Hess Co.*, 225 F. Supp. 607 (W.D. Pa. 1964) [citing *Twp. of Lower Merion v. Manning*, 95 Pa. Super. 322 (1928)]. What the Authority and the trial court fail to account for, however, is the additional language of the MCTLA with respect to a judicial sale of the subject property and the effect of an intervening bona fide purchaser without notice. Specifically, Section 3(a)(1) of the MCTLA provides that municipal liens

> shall have priority to **and be fully paid and satisfied out of the proceeds of any judicial sale of said property**, before any other obligation, judgment, claim, lien or estate with which the said property may become charged, or for which it may become liable, save and except only the costs of the sale and of the writ upon which it is made[.]

53 P.S. § 7106(a)(1) (emphasis added). Here, while the Authority's lien arose at the time the water and sewer fees were assessed, the fees were not "paid and satisfied out of the proceeds" of the sheriff's sale given the Authority's failure to timely perfect its lien by filing it with the prothonotary. Put simply, none of the parties were aware of the delinquent fees given the Authority's failure to file its lien prior to the sheriff's sale.

Further, the language of Section 3(a)(1) does not state, or even suggest, that a municipal lien will survive such a sale. This absence is telling especially considering the language found in Section 1 of the Act of September 23, 1959, P.L. 955, *as amended*, 53 P.S. § 7432, which states:

---

[5] We say "generally" here because, in contrast, Section 3(b) of the MCTLA specifies that municipal claims and liens "imposed by a city of the first class, shall be a judgment only against the said property *when the lien has been docketed by the prothonotary*." 53 P.S. § 7106(b) (emphasis added). Since we are not dealing here with a lien imposed by a city of the first class, i.e. Philadelphia, Section 3(b) does not apply.

> [w]henever, heretofore or hereafter, any county, city, borough, incorporated town, township, school district, poor district, county institution district or municipality authority has failed to file in the office of the prothonotary of the county, any tax claim or municipal claim assessed against any property within the time limit required by law for such filing, whereby the lien of such tax or municipal claim is lost; . . . Provided, That **the lien of any such claim or judgment shall not reattach against any real estate transferred to any purchaser before such claim is filed** or during the time when the lien of any such tax or municipal claim or judgment was lost . . . .

In reading these provisions together, as we must,[6] it seems clear that the three-year window to file municipal liens only keeps them alive for that period *if* there is no intervening judicial sale to a bona fide purchaser. Because the Authority here admittedly did not formally file its lien with the prothonotary prior to the sheriff's sale, the delinquent fees were not paid out of the proceeds of that sale and the Authority lost its right to payment against R&A as a bona fide purchaser without notice of the lien.

Accordingly, we reverse.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[6] "[S]tatutory language must be read in context, that is, in ascertaining legislative intent, every portion of statutory language is to be read together and in conjunction with the remaining statutory language, and construed with reference to the entire statute as a whole." *MERSCORP, Inc. v. Delaware Cnty.*, 207 A.3d 855, 865 (Pa. 2019) (citation and internal quotation omitted).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

R&A, LLC,                               :
            Appellant     :
                                      :
              v.           :    No. 1221 C.D. 2020
                                        :
Wyoming Valley Sanitary            :
Sewer Authority                        :

# **O R D E R**

AND NOW, this 6th day of February, 2023, the order of the Court of Common Pleas of Luzerne County is hereby REVERSED.

                             _____

                             **BONNIE BRIGANCE LEADBETTER,**
                             President Judge Emerita