William J. Sanft and Joy Edith Sanft, his wife, Appellants *v.* Borough of West Grove, Appellee.

William J. Sanft and Joy Edith Sanft, his wife, Appellants *v.* Borough of West Grove, Appellee.

Argued November 16, 1981, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*William S. Huganir,* for appellants.

*John S. Halsted, Gawthrop, Greenwood & Halsted,* with him *David L. Myers, Larmore, Scarlett, Myers & Temple,* for appellee.

OPINION BY JUDGE ROGERS, December 23, 1981:

On November 21, 1979, the Borough of West Grove filed two municipal claims in the Court of Common Pleas of Chester County, pursuant to Section 9 of the Act of May 16, 1923, P.L. 207, §9, *as amended,* 53 P.S. §7143, for water rates levied for water supplied to real property owned by the appellants, William and Joy Sanft. One of the claims, amounting to $3,845.79 was for water supplied during the years 1958 through 1964; the other was for water supplied during the years 1965 through 1967, and amounted to $2,807. Contending that the three year statute of limitations for the filing of claims for water rates, provided in Section 9 of the Act of May 16, 1923 applied to the Borough's claims against their property, the Sanfts filed petitions in the Court of Common Pleas to strike the liens of the claims on the ground that the claims were untimely filed. The court issued rules directing the Borough to show cause why the liens should not be stricken. The Borough answered that Section 1 of the Act of September 23, 1959, P.L. 955, §1, *as amended,* 53 P.S. §7432, authorizes the filing of municipal claims "at any time" and although the limitation of time imposed by Section 9 of the Act of May 16, 1923 has been exceeded. The court denied the prayers

of the petitions to strike the liens, and the Sanfts here appeal from those orders. Since the issues are identical, the separate appeals as to the two liens have been consolidated.

The statute relied on by the Sanfts, Section 9 of the Act of May 16, 1923, provides in pertinent part,

> Claims for . . . water rents or rates . . . must be filed in the court of common pleas of the county in which the property is situated. . . . All such claims shall be filed on or before the last day of the third calendar year after that in which the taxes or rates are first payable. . . .

The Borough, however, supports its contention that the claims are valid by citing Section 1 of the Act of September 23, 1959, which provides,

> Whenever, heretofore or hereafter, any . . . borough . . . has failed to file . . . any . . . municipal claim assessed against any property within the time limit required by law for such filing, whereby the lien of such tax or municipal claim is lost; . . . then, in any such case heretofore or hereafter occurring, any such . . . borough . . . may, at any time after the effective date of this act, file such . . . municipal claim . . . and such claim . . . shall be a valid claim . . .: Provided, That the lien of any such claim . . . shall not reattach against any real estate transferred to any purchaser before such claim is filed or during the time when the lien of any such . . . municipal claim . . . was lost, nor shall the lien of any such claim . . . impair or affect the priority of the lien of any mortgage or other lien which gained priority because of the failure of the . . . borough . . . to file such claim . . . or was entered of record during the time the

lien of such . . . municipal claim . . . was lost.

. . .

The purpose and effect of the two statutes is to establish a three year limitation period for the filing of municipal claims, while allowing a municipality which has failed to file within the three year period to file later—but with protection for interests which attached while the lien of the municipal claim was lost by reasons of the municipality's failure to file timely. The Act of September 23, 1959 serves the public interest in the municipality's receiving payment of its claims while protecting the rights of intervening purchasers and lienors. That the Act of September 23, 1959 removed all time limitations on the filing of municipal claims, was recognized in *Tax Review Board v. Weiner*, 398 Pa. 381, 383 n. 2, 157 A.2d 879, 881 n. 2 (1960).

The Sanfts also argue that since Section 1 of the Act of September 23, 1959 is applicable by its terms to "any . . . municipal claim *assessed* against any property" (emphasis supplied) the legislature intended to permit late filing of claims only for physical improvements assessable on lands improved thereby and not to municipal claims such as water rates. This contention fails because Section 1 of the Act of May 16, 1923, P.L. 207, §1, *as amended,* 53 P.S. §7101, defines the term "municipal claim" as including water rates. Further, the legislature surely could not have intended by the Act of September 23, 1959 to permit a municipality to file, proceed to reduce to judgment and collect late filed claims for publicly installed water pipes (also included in the statutory definition of municipal claim provided by Section 1 of the Act of May 16, 1923) while foreclosing it from collecting rates for the public water delivered by the pipes.

Order affirmed.

## ORDER

AND Now, this 23rd day of December, 1981, the order of the Court of Common Pleas of Chester County refusing to strike the municipal liens docketed as numbers 2428 and 2429, 1979, is affirmed.