518 A.2d 1314

In Re: Request by Hempfield Township for Appointment of a Board of Viewers in regard to the Property of Samuel Scott in the Route 30 West No. 1 Water District. Hempfield Township, Appellant.

Argued March 13, 1986, before Judges CRAIG and MACPHAIL, and Senior Judge BLATT, sitting as a panel of three.

*Thomas J. Godlewski*, with him, *Daniel J. Hewitt*, for appellant.

*Dennis J. Gounley*, with him, *Emmett C. Boyle, Jr.*, for appellee, Samuel Scott.

OPINION BY JUDGE BLATT, December 19, 1986:

Hempfield Township (Township), a second class township, appeals the order of the Court of Common Pleas of Westmoreland County (trial court), which sustained the preliminary objections of Samuel Scott, an owner of a certain property situate in the Township, and which dismissed the Township's petition for the appointment of a board of viewers to determine the benefit[1] to Scott's property from a municipal water line which had been installed across the front of the property.

---

[1] Section 1610 of The Second Class Township Code (Code), Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §66610, provides the following method for assessments:

In lieu of issuing and selling non-debt revenue bonds, as provided in section one thousand six hundred nine point one of this act, the township supervisors may provide for the payment of the cost of water lines or water system in the township or in districts thereof by an assessment upon the properties accommodated or benefited in either of the following methods:

(a) By an assessment, pursuant to resolution or ordinance of the board of supervisors, of each lot or piece of land in proportion to its frontage abutting on the mains, allowing such reduction in the case of properties abutting on more than one main as the resolution or ordinance may

By resolution of October 30, 1979, the Township Board of Supervisors (Board) created a water district, Route 30 West, No. 1 Water District, to provide municipal water service to an area encompassing Scott's property. This resolution provided that the water line would be installed by the Municipal Authority of Westmoreland County, but that the assessments to collect the installation costs would be made by the Township, purportedly under either the "front footage" method or the "benefit" method.

The Township subsequently resolved to utilize the "front footage" method and then filed an action in the common pleas court to enforce a municipal lien against Scott's property for the water line installation, calculated under the "front footage" method. A jury trial was held and the jury returned a verdict finding that, while Scott's property enjoyed a benefit because of the increase in its value caused by the installation of the water line, the property, nevertheless, is rural in character and, hence, not subject to a "front footage" assessment.[2] The Township did not appeal this verdict. Instead, the Board then resolved to assess Scott's property under the "benefits" method, and the Township then filed the petition for the appointment of a board of viewers from which the present appeal arises.

_____

specify. No assessment by frontage shall be made on properties of such a character as not to be lawfully subject to such manner of assessment, and each abutting property shall be assessed with not less than the whole amount of the benefit accruing to it and legally assessable; or

(b) By an assessment upon the several properties abutting on the mains in proportion to benefits. The amount of the charge on each property shall be ascertained as hereinafter provided.

When there is more than one district, the assessment in each district may be by different methods.

[2] *See In re Sewer District No. 4, Nether Providence Township,* 143 Pa. Superior Ct. 286, 18 A.2d 128 (1941).

Scott preliminarily objected to the petition for the appointment of a board of viewers on the grounds that the Code expressly prohibits the Township from utilizing both assessment methods within the same water district, and also arguing that the doctrine of *res adjudicata* precluded relitigation of the assessment.[3]

In reviewing the trial court's order, we must determine if any doubt exists as to whether or not the preliminary objections were properly sustained, resolving such doubt, if any, by overruling the said objections. *Monti v. City of Pittsburgh,* 26 Pa. Commonwealth Ct. 490, 364 A.2d 764 (1976).

Before this Court, the Township contends that combining assessment methods within a single municipal service district is an accepted technique in this Commonwealth, relying on *Whitemarsh Township Authority v. Elwert,* 413 Pa. 329, 196 A.2d 843 (1964) and *Bern Township Authority v. Hartman,* 69 Pa. Commonwealth Ct. 420, 451 A.2d 567 (1982). The Township acknowledges that these cases involved municipal authorities, but it nonetheless argues that the statutory language empowering those authorities to use both assessment methods simultaneously is similar in nature to Section 1610 of the Code. We disagree.

In *Whitemarsh,* our Supreme Court interpreted Section 4B of the Municipality Authorities Act of 1945,[4]

---

[3] Scott also preliminarily objected to the appointment of a member of the board of viewers on the ground that that member might not be disinterested inasmuch as he concurrently served as the solicitor of another township in Westmoreland County. Having resolved the above-stated general preliminary objections in Scott's favor, the trial court did not reach this particularized objection and, therefore, it is not an issue in this appeal.

[4] Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §306(B), Subsection (r) and (s) of Section 4B set forth the powers of assessment of a municipal authority and are as follows:

(r) To charge the cost of construction of any sewer or water main constructed by the Authority against the

as permitting municipal authorities to employ both assessment methods within a single district. The *Whitemarsh* court, however, recognized that, as an agent of the state government, not of the incorporating municipalities, a municipal authority's assessment powers are those conferred by the legislature. 413 Pa. at 333, 196 A.2d at 846. In reviewing subsections (r) and (s) of Section 4B, the *Whitemarsh* court held that "[n]o restricting words appear, *such as are present* in the Township Code [the Second Class Township Code]; the disjunctive 'or,' *which would restrict the simultaneous use of both methods* is not present." *Id.* at 334, 196 A.2d at 846 (emphasis added).[5] We are, therefore, in agreement

properties benefited, improved or accommodated thereby to the extent of such benefits. Such benefits shall be assessed in the manner provided by section eleven of this act for the exercise of the right of eminent domain.

(s) To charge the cost of construction of any sewer or water main constructed by the Authority against the properties benefited, improved or accommodated thereby according to the foot front rule. Such charges shall be based upon the foot frontage of the properties so benefited, and shall be a lien against such properties. Such charges may be assessed and collected and such liens may be enforced in the manner provided by law for the assessment and collection of charges and the enforcement of liens of the municipality in which such Authority is located: Provided, That no such charge shall be assessed unless prior to construction of such sewer or water main the Authority shall have submitted the plan of construction and estimated cost to the municipality in which such project is to be undertaken and the municipality shall have approved such plan and estimated cost: And provided further, That there shall not be charged against the properties benefited, improved or accommodated thereby an aggregate amount in excess of the estimated cost as approved by the municipality.

Section 11, 53 P.S. §314, sets forth the powers of an authority to exercise the right of eminent domain and the limitations thereon.

[5] *Bern Township Authority* also involved an assessment by a municipal authority and relied on *Whitemarsh,* hence, it is inapposite to the matter *sub judice.*

with Scott that the trial court correctly ruled that, under the terms of the Code, the Township is limited to one or the other of the available assessment methods, and cannot use both within the same district.

Inasmuch as we conclude that the trial court correctly sustained the preliminary objections on the above-stated basis, we need not review the other ground upon which the trial court relied. Accordingly, we will affirm the trial court's order.

### ORDER

AND NOW, this 19th day of December, 1986, the order of the Court of Common Pleas of Westmoreland County is affirmed.