## Stroud Township Sewer Authority v. Leondi

*Bernard M. Billick,* for plaintiff.
*James V. Fareri,* for defendant.

MILLER, *J.,* July 17, 2007—On February 11, 2005, the Stroud Township Municipal Authority filed a municipal lien against the defendants for property they own at 55 Bridge Street in Stroud Township, Monroe County, Pennsylvania. The lien involves unpaid sewer charges stemming from alleged illegal connections by the defendants to the Stroud Township sewer line. On February 14, 2005, a writ of scire facias issued against the defen-

dants. They filed an affidavit of defense on March 15, 2005. The defendants now wish to amend their affidavit of defense to raise the statute of limitations pursuant to 53 P.S. §7143. Another judge of this court issued a rule to show cause to which the Authority filed an answer. This matter came before this court for oral argument on July 2, 2007. Both parties have filed briefs, and after independent research by the court, we deny the defendants' request to file an amended affidavit of defense for the following reasons.

Section 7143 of the Municipalities Planning Code allows claims for taxes, water rents or rates, lighting rates, power rates and sewer rates and provides that these claims must be filed in the court of common pleas of the county in which the property is situated on or before the last day of the third calendar year after that in which the taxes or rates are first payable, and other municipal claims must be filed in said court of common pleas within six months from the time the work was done in front of the particular property, where the charge against the property is assessed or made at the time the work is authorized or within six months after the completion of the improvement, where the assessment is made by the municipality upon all the properties after the completion of the improvement and within six months after confirmation by the court where confirmation is required. The statute goes on to provide other methods of filing and gives direction to the municipality for further proceedings.

The defendants allege in their affidavit of defense that the township, by filing the lien in 2005, was dilatory and was aware of the sewer connections long before then. In

their brief, they also argue that amendments to pleadings should be liberally granted.

The borough raises, in its answer to the rule to show cause, that section 7143 of the General Municipal Law does provide this limitation. However, they point us to section 7432 of the same General Municipal Law passed in 1959 and amended in 1963 which they argue is a validation statute that removed all time limitations on the filing of municipal claims. 53 P.S. §7332.

In the case of *Upper Gwynedd Township Authority v. Roth,* 113 Pa. Commw. 239, 243, 536 A.2d 875, 877 (1988) the township sewer authority filed a municipal claim for sewer charges against a property in the township some nine years after construction of the sewer project was completed. The Montgomery County Common Pleas Court found the sewer assessments valid and proper and the property owner appealed. Our Commonwealth Court in interpreting 53 P.S. §7432, found that the municipality may file a claim at any time. The pertinent part of the statute, the court found, is:

"Whenever, heretofore or *hereafter,* any . . . township . . . or municipality authority has failed to file . . . any municipal claim assessed against any property within the time limit required by law for such filing, whereby the lien of such . . . municipal claim is lost; . . . then, in any such case heretofore or *hereafter* occurring, any such . . . township . . . or municipality authority may, *at any time after the effective date of this act,* file such . . . municipal claim . . . ." (emphasis in original)

The court held that it is well settled that this section removes all time limitations on the filing of municipal claims citing *Sanft v. Borough of West Grove,* 63 Pa.

Commw. 366, 437 A.2d 1332 (1981) and *Chartiers Valley School District v. Virginia Mansions Apartments Inc.,* 340 Pa. Super. 285, 489 A.2d 1381 (1985).

Thus, we have before us the question of whether or not we should allow an amendment to the affidavit of defense which is clearly not a defense. While the Rules of Civil Procedure and case law do provide that courts should allow amendments liberally, we do not feel it is in the interest of this case or judicial economy in general to allow an amendment where the defense being added is moot. Accordingly, we enter the following order.

## ORDER

And now, July 17, 2007, defendants' motion for leave to file an amended affidavit of defense is denied.