IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Pilchesky,      :
     Appellant   :
            :
  v.         : No. 1232 C.D. 2021
            :
Lackawanna County, Office of the  :
Sheriff of Lackawanna County, and  :
Mark McAndrew, as the Sheriff of  :
Lackawanna County     : Submitted: February 3, 2023

BEFORE:  HONORABLE CHRISTINE FIZZANO CANNON, Judge
      HONORABLE ELLEN CEISLER, Judge
      HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER       FILED: May 9, 2023

Joseph Pilchesky (Pilchesky) appeals *pro se* from the September 30, 2021 order of the Lackawanna County (County) Court of Common Pleas (trial court), which dismissed Pilchesky's amended complaint (Complaint) with prejudice. On appeal, Pilchesky argues that the trial court erred in dismissing his complaint on the basis that the County, the Office of the County Sheriff (Sheriff's Office), and Mark McAndrew (Sheriff McAndrew), in his capacity as the County Sheriff (collectively Defendants), were immune from suit under what is commonly referred to as the Political Subdivision Tort Claims Act (PSTCA)[1] and the common law doctrine of high public official immunity. Pilchesky also argues that pursuant to Rule 1030 of

---

[1] 42 Pa.C.S. §§ 8541-8564.

the Pennsylvania Rules of Civil Procedure (Rule 1030)[2] Defendants were required to raise their immunity defense in an answer to the Complaint, under the heading of new matter. After review, we affirm.

## I. Background

Pilchesky filed the Complaint on December 9, 2020, asserting claims for fraud, conspiracy to commit fraud, negligent supervision, violation of Pilchesky's rights under the Pennsylvania Constitution, intentional infliction of "emotional pain and suffering," negligence, and political retaliation. Original Record (O.R.), Item No. 5, ¶¶ 17-88. Pilchesky based these claims on the disposition of real property owned by Pilchesky's wife (the Property), which was sold at a sheriff's sale on October 21, 2014 (Sale). *Id.*, ¶¶ 2, 11. The Complaint alleged that Pilchesky held a $200,000 lien on the Property and that Defendants failed to provide Pilchesky notice of the Sale. *Id.*, ¶¶ 4, 14. Count I of the Complaint averred that Sheriff McAndrew and the Sheriff's Office willfully neglected to provide Pilchesky notice of the Sale in a fraudulent effort to deprive Pilchesky of his monetary interest in the Property. *Id.*, ¶¶ 40-42. Count II of the Complaint asserted that the County failed to properly oversee Sheriff McAndrew and the Sheriff's Office, resulting in Pilchesky's loss of interest in the Property. *Id.*, ¶ 51. Count III of the Complaint alleged that Defendants' conduct resulted in the deprivation of Pilchesky's property rights in contravention of article I, section 1 of the Pennsylvania Constitution.[3] *Id.*, ¶¶ 53-60.

---

[2] Rule 1030 establishes which affirmative defenses must be set forth in new matter. Pa.R.Civ.P. 1030. Rule 1030(a) relevantly provides that the affirmative defense of immunity from suit "shall be pleaded in a responsive pleading under the heading 'New Matter[.]'" Pa.R.Civ.P. 1030(a).

[3] Article I, section 1 of the Pennsylvania Constitution provides that "[a]ll men are born equally free and independent, and have certain and indefeasible rights, among which are those of **(Footnote continued on next page…)**

Count IV of the Complaint alleged that Defendants "planned and schemed" to conduct the Sale during a period in which Pilchesky was "deathly ill" for the purpose of causing Pilchesky emotional pain and suffering through the loss of his property rights. *Id.*, ¶¶ 65-73. Count V of the Complaint asserted that Defendants breached a duty of care they owed to notify Pilchesky of the Sale, resulting in the loss of Pilchesky's interest in the Property. *Id.*, ¶ 75-83. Finally, Count VI of the Complaint alleged that Defendants' actions were taken in retaliation against Pilchesky's political activity and "involvement in exposing corrupt elements in [County] government," including a "vast scope of very corrupt conduct [by] the [Sheriff's Office] and by the Sheriff." *Id.*, ¶¶ 85-88.

Defendants filed preliminary objections (POs) to the Complaint, arguing that Pilchesky's claims were barred by the doctrine of *res judicata*, because Pilchesky had unsuccessfully litigated the same claims before the United States District Court for the Middle District of Pennsylvania (District Court).[4] O.R., Item No. 8, ¶¶ 10-11. Defendants also preliminarily objected to Pilchesky's Complaint on the basis that his claims were time-barred, that Pennsylvania does not recognize a private right of action for constitutional violations, and that Defendants were immune from suit under the PSTCA and the common law doctrine of high public official immunity. *Id.*, ¶¶ 12-18.

---

enjoying and defending life and liberty, of acquiring, possessing[,] and protecting property and reputation, and of pursuing their own happiness." Pa. Const., art. I, § 1.

[4] See *Pilchesky v. Lackawanna County* (D. Pa. M.D.Pa., No. 3:16-CV-2537, signed May 16, 2018), 2018 WL 2230471. The District Court dismissed Pilchesky's complaint on the basis that he failed to state a claim upon which relief could be granted. *Pilchesky*, 2018 WL 2230471 * 4. The District Court dismissed without prejudice any "state law claims" Pilchesky advanced in his complaint, noting that Pilchesky retained the right "to reassert such claims in the appropriate state court." *Id.* n.1.

3

Pilchesky filed a Motion to Strike Defendants' POs, asserting that Rule 1030 required that Defendants raise any affirmative defenses in a responsive pleading under new matter. O.R., Item No. 13. Following oral argument, the trial court entered an order overruling Defendants' POs in part and sustaining them in part. O.R., Item No. 20. The trial court overruled Defendants' POs that Pilchesky's claims were time-barred or barred by the doctrine of *res judicata*, and sustained their PO as to Pilchesky's constitutional claim under article I, section 1 of the Pennsylvania Constitution.[5] *Id.* The trial court agreed that immunity from suit is generally pleaded as an affirmative defense in new matter but noted that an immunity defense may be raised in POs when it is apparent from the face of a complaint that a cause of action will fail. O.R., Item No. 19, trial court op. at 8.

Regarding Pilchesky's claims against the County and the Sheriff's Office, the trial court concluded that those entities were entitled to governmental immunity under the PSTCA, unless Pilchesky's claims fell within one of the exceptions to immunity set forth in Section 8542(b) of the PSTCA.[6] *Id.* at 9-10. Although one

---

[5] Defendants did not appeal the trial court's order overruling a portion of their POs and Pilchesky did not appeal the dismissal of his constitutional claim; therefore, we will not further summarize the trial court's decision in that regard, or its reasoning.

[6] Section 8541 of the PSTCA generally establishes governmental immunity for local agencies. 42 Pa.C.S. § 8541. "Local agency" is defined in Section 8501 of the Judicial Code, 42 Pa.C.S. § 8501, as "[a] government unit other than the Commonwealth government." Thus, a county constitutes a local agency under Section 8541 of the PTSCA. A county sheriff's office is likewise a local agency under Section 8541 of the PTSCA. *Balletta v. Spadoni*, 47 A.3d 183, 195 (Pa. Cmwlth. 2012).

Section 8542 of the PSTCA provides several exceptions to governmental immunity, provided damages would be recoverable from an individual or entity that is not immune from suit and the injury was caused by the negligent acts of the local agency, or an employee thereof, who was acting within the scope of his or her office or duties, and the negligent acts related to the operation of a vehicle, the loss of personal property within the possession or control of the local **(Footnote continued on next page…)**

4

such exception concerns a local agency's "care, custody[,] or control of real property" within its possession,[7] the trial court held that the exception was inapplicable, as the Property was never in Defendants' care, custody, or control. O.R., Item No. 19, trial court op. at 11. Moreover, Pilchesky premised his claims on fraud, malice, and willful misconduct, and a local agency may not be held liable for such conduct when perpetuated by an employee, pursuant to Section 8542(a)(2) of the PSTCA.[8] As a result, the trial court sustained Defendants' POs raising immunity under the PSTCA and dismissed Pilchesky's claims against the County and the Sheriff's Office. *Id.* at 12. The trial court also sustained Defendants' POs raising the common law doctrine of high public official immunity, as Pilchesky's claims all related to a sheriff's sale conducted by Sheriff McAndrew as part of his official duties. Because the doctrine of high public official immunity shielded Sheriff McAndrew from liability for such actions, the trial court dismissed Pilchesky's claims against him. *Id.* Therefore, the trial court dismissed the Complaint with prejudice. *Id.* This appeal followed.[9]

---

agency, damages caused by a dangerous condition of real property, trees, traffic controls, street lighting, utility services, streets, sidewalks, and animals either owned by or under the care, custody or control of a local agency, as well as conduct which constitutes sexual abuse, if the injuries were caused by the negligent acts or omissions of a local agency. 42 Pa.C.S. § 8542.

[7] 42 Pa.C.S. § 8542(b)(3).

[8] Section 8542(a)(2) provides that "negligent acts" imposing liability on a local agency shall not include those constituting a crime, actual fraud, actual malice, or willful misconduct. 42 Pa.C.S. § 8542(a)(2).

[9] This Court's standard of review of an order sustaining preliminary objections is *de novo* and our scope of review is plenary. *Keller v. Scranton City Treasurer*, 29 A.3d 436, 443 n.12 (Pa. Cmwlth. 2011). We accept as true all well-pleaded facts in the complaint and all reasonable inferences that may be deduced therefrom. *Id.*

## II. Issues

Pilchesky argues that the trial court erred in holding that Defendants were entitled to immunity from suit under the PSTCA or the common law doctrine of high public official immunity, and that any affirmative defense raised by Defendants should have been set forth as new matter in an answer to the Complaint.

## III.  Discussion

First, we address whether the trial court erred in concluding that Defendants were immune from suit under the PSTCA or the common law doctrine of high public official immunity.  Although Pilchesky questions the trial court's conclusion that the County and the Sheriff's Office are immune from suit in his appellate brief, Pilchesky has not otherwise developed this issue.  Where an appellate brief fails to develop an issue in a meaningful fashion capable of review, that claim is waived.  *Wirth v. Commonwealth*, 95 A.3d 822, 837 (Pa. 2014).  Therefore, this Court will only address whether the trial court erred in concluding that Sheriff McAndrew is entitled to high public official immunity.

Pilchesky does not dispute that the Sheriff is a high public official, nor does he challenge whether a high public official is entitled to immunity for actions taken as part of his official duties.  Nevertheless, Pilchesky argues that Sheriff McAndrew should not be permitted to "willfully, intentionally[,] and deliberately violate" the notice requirements for a sheriff's sale "with impunity."  Pilchesky's Br. at 11.  Pilchesky asserts that Sheriff McAndrew "targeted" Pilchesky with the intention that Pilchesky would lose his lienholder rights to the Property, and he maintains that Sheriff McAndrew should not be protected from financial accountability for his allegedly fraudulent behavior.  *Id.* at 13-14.  In arguing that Sheriff McAndrew may be held liable for acts taken in his official capacity, Pilchesky relies on Section 8550

6

of the PSTCA, which abrogates an official's immunity following a judicial determination that the acts causing injury "constituted a crime, actual fraud, actual malice[,] or willful misconduct." 42 Pa.C.S. § 8550.

In Pennsylvania, high public official immunity "acts as an absolute bar to protect high public officials from lawsuits arising out of actions taken in the course of their official duties and within the scope of their authority." *Doe v. Franklin Cnty.*, 174 A.3d 593, 603 (Pa. 2017) (internal citations omitted). The purpose of high public official immunity is to shield the high public official from liability for the benefit of the public he or she serves. *Id.* Absolute immunity from civil liability for high public officials is a means of removing any inhibition which might otherwise "deprive the public of the best service of its officers and agencies." *Id.* As noted by our Supreme Court in *Doe*, the scope of high public official immunity is very broad and "exempts a high public official from all civil suits for damages arising out of false defamatory statements and even from statements or actions motivated by malice, **provided the . . . actions are taken in the course of the official's duties or powers and within the scope of his authority[.]**" *Id.* (emphasis in original).

While Pilchesky argues that Sheriff McAndrew should not be entitled to absolute immunity, he fails to support his argument with any relevant legal authority. Pilchesky has not suggested that Sheriff McAndrew was not acting within the scope of his official duties when he conducted the Sale, or when he allegedly failed to provide Pilchesky with notice of the Sale. Pilchesky's averments in the Complaint consist largely of hyperbolic statements, unsupported factual inferences, and conclusions that Sheriff McAndrew "fraudulently and secretly sold the Property" for the purpose of defrauding Pilchesky of his legal property and rights, that he "planned

7

and schemed to deprive" Pilchesky of his property rights and "lied, cheated, deceived[,] and conducted [himself] in a threatening, corrupt[,] and evil manner as to cause Pilchesky emotional pain and suffering[,]" and that the Property was sold as a means of political retaliation against Pilchesky's exposure of "corrupt elements" in the County government, including "a vast scope of corrupt conduct" committed by Sheriff McAndrew. O.R., Item No. 5, ¶¶ 30-31, 33, 65, 67, 76-81, 85-86. While this Court must accept as true all well-pleaded facts, and all reasonable inferences that may be deduced therefrom, when reviewing an order sustaining preliminary objections, we are not required to accept as true any legal conclusions, unwarranted factual inferences, allegations that constitute argument, or mere opinion. *Commonwealth v. Percudani*, 825 A.2d 743, 745 (Pa. Cmwlth. 2003). Ultimately, the well-pleaded facts alleged in the Complaint merely indicate that the Property was sold on October 21, 2014, and that Pilchesky did not receive notice of the Sale, which Sheriff McAndrew failed to provide. Based on these facts, the trial court did not err in concluding that Sheriff McAndrew was immune from civil liability under the common law doctrine of high public official immunity.

We must also reject Pilchesky's argument that Sheriff McAndrew is not immune from suit under Section 8550 of the PSTCA, as that provision concerns the abrogation of official, or employee, immunity, and not high public official immunity.[10]

---

[10] Official liability is governed by Section 8545 of the PSTCA, which provides that a local agency's employee is liable for injuries caused by actions taken within the scope of employment "only to the same extent as [the] employing local agency and subject to the limitations imposed by the [PSTCA]." 42 Pa.C.S. § 8545. Section 8550 provides that the limitations in Section 8545 do not apply when it has been "judicially determined that the" actions of a local agency's employee that caused the injury "constituted a crime, actual fraud, actual malice[,] or willful misconduct."

8

Next, we address whether the trial court erred in permitting Defendants to raise their immunity defense by PO. Pilchesky relies exclusively on Rule 1030 to support his argument.

Pennsylvania courts have long recognized a limited exception to the requirement in Rule 1030(a) that affirmative defenses must be raised in a responsive pleading under new matter. This exception applies, even where the plaintiff objects to the immunity defense, if no purpose would be served by a delay in ruling on the matter and it would expedite disposition of the case. *Feldman v. Hoffman*, 107 A.3d 821, 832 (Pa. Cmwlth. 2014). "[W]here it is transparently clear on the face of the complaint that immunity applies, the trial court may consider the immunity defense[.]" *Id.* at 833. Instantly, the trial court expressly considered Defendants' immunity defense, despite it having been raised by PO and in spite of Pilchesky's objection, because such a tact was acceptable for matters in which "it is apparent from the face of the complaint that the plaintiff's causes of action fail[.]" O.R., Item No. 19, trial court op. at 8. As discussed above, Pilchesky's claims against Sheriff McAndrew were barred by the common law doctrine of high public official immunity, and his entitlement to immunity was clearly applicable on the face of the Complaint. Accordingly, we discern no error by the trial court in sustaining Defendants' POs based on Sheriff McAndrew's entitlement to high public official immunity.

For the above reasons, we affirm the trial court.


_____
ELLEN CEISLER, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Pilchesky,  :
               Appellant  :
                :
        v.  :  No. 1232 C.D. 2021
                :
Lackawanna County, Office of the  :
Sheriff of Lackawanna County, and  :
Mark McAndrew, as the Sheriff of  :
Lackawanna County  :

**O R D E R**

AND NOW, this 9th day of May, 2023, the September 30, 2021 order of the Court of Common Pleas of Lackawanna County is hereby AFFIRMED.

_____

ELLEN CEISLER, Judge